**Donald Hugh FERGUSON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70864.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2006.

Decided June 19, 2006.

Susan E. Hill, Esq., Hill & Piibe, Los Angeles, CA, for Petitioner.

Donald Hugh Ferguson, Florence, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Luis E. Perez, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, TROTT, and McKEOWN, Circuit Judges.

MEMORANDUM *

Donald Hugh Ferguson, a native and citizen of Belize, petitions for review of an order by the Board of Immigration Appeals ("BIA") that affirmed without opinion an Immigration Judge's ("IJ") denial of Ferguson's application for relief under the Convention Against Torture ("CAT"). We deny the petition.

Ferguson argues that the IJ violated his due process rights by failing to credit his testimony and by requiring corroboration. Ferguson is correct that the IJ may not require corroborating evidence where, as here, no adverse credibility determination has been made. *Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir.2000). The record, however, does not support Ferguson's contention that the IJ disregarded his testimony or required corroborating evidence. Instead, the IJ stated in his decision that he was giving "full credence" to the testimony but found it insufficient to establish a nexus between Ferguson's fears and the actions of Belizean government officials. Likewise, because Ferguson's testimony was given full weight by the IJ, the BIA did not abuse its discretion in failing to discuss the corroborating evidence that Ferguson submitted with his appeal to the BIA.

Ferguson also argues that the IJ improperly required him to show the "wholesale" involvement of the Belizean government. Again, Ferguson is correct that he need only show the involvement of one government official, *see* 8 C.F.R. § 208.18(a)(1); however, the IJ found that he failed to show *any* connection between the people he fears and the actions of any current Belizean government official.

Thus, because the IJ gave full weight to Ferguson's testimony and applied the correct legal standard, we DENY the petition.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.